1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   CALVIN ROBINSON,                    CASE NO. 1:05-CV-01297-OWW-DLB-P

10                      Plaintiff,      ORDER DISMISSING AMENDED
                                        COMPLAINT WITH LEAVE TO AMEND
11          v.

12   J. WOODFORD, et al.,

13                      Defendants.

14
                                                        /
15

16   I.      Screening Order

17           A.      Screening Requirement

18           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

19   pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's amended complaint filed

20   December 15, 2005.

21           The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

4    U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

5    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

6    standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

7    Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

8    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

9    U.S. 411, 421 (1969).

10       B.       Summary of Plaintiff's Complaint

11       The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison

12   ("PVSP").  Plaintiff names Director Woodford, Warden Yates, Associate Warden Mattingly, Captain

13   Williams, Lieutenant Perry, Sergeant Lopez, Officer Melton and Officer Kern.  Plaintiff is seeking

14   money damages and injunctive relief.

15       Plaintiff alleges on August 11, 2005, he arrived at PVSP and was established as a Level 1

16   inmate with 5 points.  He was told that he would be placed in orientation for two weeks and then he

17   would go before a Classification Committee.  However, instead of going to orientation, plaintiff

18   contends he was placed in the B Yard facility gym which housed approximately 100 Level 1, 2 and

19   3 inmates.

20       Plaintiff alleges that on August 22, 2005, a riot broke out on the yard between white and

21   Hispanic inmates.  Plaintiff alleges that while trying to protect himself, he was shot in the left eye

22   by a "scat gun" fired by a correctional guard.  Plaintiff fell to the ground.  While on the ground, a

23   grenade exploded resulting in loss of hearing in plaintiff's left ear.  After the riot was under control,

24   plaintiff was sent to the nurse and then placed on lock down.  Plaintiff states that he received a

25   disciplinary violation concerning the riot for which he was found guilty and assessed a 90-day

26   additional sentence.  On October 7, 2005, plaintiff was "finally classified."

27   ///

28   ///

2

1    C.    Plaintiff's Claims

2    1.    Section 1983 Linkage Requirement and Rule 8(a).

3          The Civil Rights Act under which this action was filed provides:

4          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the deprivation
5          of any rights, privileges, or immunities secured by the Constitution .
           . . shall be liable to the party injured in an action at law, suit in equity,
6          or other proper proceeding for redress.

7    42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

8    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell

9    v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

10   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

11   within the meaning of section 1983, if he does an affirmative act, participates in another's

12   affirmative acts or omits to perform an act which he is legally required to do that causes the

13   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14         Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the

15   claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of

16   notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.

17   Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of

18   every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the

19   defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

20         Plaintiff's complaint is not in compliance with section 1983 linkage requirements because

21   it does not provide each defendant with fair notice of what that defendant did or did not do that

22   allegedly violated plaintiff's rights.  Plaintiff describes allegedly wrongful conduct but he fails to link

23   the named defendants to any specific conduct.  The court will provide plaintiff with an opportunity

24   to file an amended complaint curing these deficiencies and specially linking the named defendants

25   to his claims.  In doing so, plaintiff should set forth enough facts so that each defendant is on notice

26   as to what he or she did or did not do that plaintiff believes violated his rights.

27         Plaintiff is also advised that under section 1983, liability may not be imposed on supervisory

28   personnel for the actions of their employees under a theory of respondeat superior.  When the named

3

defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff's claims also fail under the legal standards applicable to each claim.  In the sections that follow, the court will provide plaintiff with the legal standards and an explanation as to the deficiencies of his complaint.  Plaintiff should carefully review the legal standards that follow and include only those claims in his amended complaint that plaintiff believes give rise to claims for relief that are cognizable under section 1983.  In his amended complaint, plaintiff should separate his claims by defendant or groups of defendants, and, as plainly and simply as possible, set forth only those facts necessary to place defendants and the court on notice as to the basis of plaintiff's claim against each defendant.

2.   Classification

Prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Accordingly, absent a motive that implicates constitutional concerns, the failure of plaintiff to be "classified" or placed in orientation do not give rise to a claim for relief.  Plaintiff has alleged no facts that indicate that a motive that would implicate constitutional concerns was behind plaintiff's placement on "B" Yard.  Accordingly, plaintiff's allegations relating to the failure to defendants to properly classify him fail to give rise to any claims for relief under section 1983.

1          3.     Eighth Amendment Claim

2          Plaintiff's alleges that defendants failed to protect him from violence and assault.  To

3   constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions

4   must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337,

5   347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

6   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint

7   v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.

8   1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

9   officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

10  serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

11         The deliberate indifference standard involves an objective and a subjective prong.  First, the

12  alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S.

13  825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must

14  "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

15  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane

16  conditions of confinement only if he knows that inmates face a substantial risk of harm and

17  disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835.

18  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk,

19  or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Farmer, 511 U.S.

20  at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability,

21  but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos,

22  152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

23         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

24  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

25  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive

26  to contemporary standards of decency." Id. at 8 (quotations and citations omitted).  "[E]xtreme

27  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

28  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part

of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations do not support a finding that plaintiff was subjected to conditions so grave that they rose to the level of an Eighth Amendment violation, Hudson, 503 U.S. at 9, or that defendants acted with deliberate indifference by knowingly disregarding a substantial risk to plaintiff. Farmer, 511 U.S. at 835. Plaintiff has not alleged that any of the defendants had reason to believe the riot would occur or that plaintiff was in any particular danger. Accordingly, plaintiff fails to state an Eighth Amendment claim against any of the named defendants.

4. Rules Violation

Plaintiff alleges that his constitutional rights were violated by the issuance of a Rules Violation Report and the subsequent finding of guilt. As punishment, plaintiff was assessed an additional 90 day sentence, which affects the overall length of plaintiff's sentence. Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.

D. Conclusion

The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure to comply with the linkage requirements of section1983 and for failure to state a claim upon which relief can be granted. The court has provided plaintiff with the legal standards that appear to be applicable to his claims and will provide plaintiff with the opportunity to file an amended complaint. In drafting his amended complaint, plaintiff is cautioned that it is his responsibility to organize his complaint so that defendants and the court can readily ascertain which claims plaintiff is pursuing

1   against which defendants.

2         Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be

3   complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

4   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Once

5   plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

6   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

7   of each defendant must be sufficiently alleged.

8         Based on the foregoing, it is HEREBY ORDERED that:

9       1.      Plaintiff's complaint is dismissed, with leave to amend;

10      2.      The Clerk's Office shall send plaintiff a complaint form;

11      3.      Within thirty (30) days from the date of service of this order, plaintiff shall file an

12                amended complaint;

13      4.      The failure to file an amended complaint that complies with this order may result in

14                an order striking the amended complaint from the record; and

15      5.      The failure to file an amended complaint will result in a recommendation that this

16                action be dismissed, without prejudice, for failure to obey a court order.

17      IT IS SO ORDERED.

18    **Dated:**    **September 15, 2006**            **/s/ Dennis L. Beck**
    3b142a                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28