IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN ROBINSON, | ) | 1:05-cv-01297-OWW-DLB-P |
| Plaintiff, | ) ) | |
| vs. | ) ) | **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION** |
| J. WOODFORD, et al., | ) ) | (Doc. 10) |
| Defendants. | ) ) | |

Plaintiff, Calvin Robinson ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 18, 2006, the court issued an order requiring plaintiff to file an amended complaint within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District

1

1 courts have the inherent power to control their dockets and "in the
2 exercise of that power, they may impose sanctions including, where
3 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
4 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
5 with prejudice, based on a party's failure to prosecute an action,
6 failure to obey a court order, or failure to comply with local
7 rules.  See, e.q. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
8 1995)(dismissal for noncompliance with local rule); Ferdik v.
9 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
10 failure to comply with an order requiring amendment of complaint);
11 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
12 failure to comply with local rule requiring pro se plaintiffs to
13 keep court apprised of address); Malone v. U.S. Postal Service, 833
14 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
15 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
16 1986)(dismissal for failure to lack of prosecution and failure to
17 comply with local rules).
18     In determining whether to dismiss an action for lack of
19 prosecution, failure to obey a court order, or failure to comply
20 with local rules, the court must consider several factors: (1) the
21 public's interest in expeditious resolution of litigation; (2) the
22 court's need to manage its docket; (3) the risk of prejudice to the
23 defendants; (4) the public policy favoring disposition of cases on
24 their merits; and, (5) the availability of less drastic
25 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
26 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
27 Ghazali, 46 F.3d at 53.
28 //

1   In the instant case, the court finds that the public's
2 interest in expeditiously resolving this litigation and the court's
3 interest in managing the docket weigh in favor of dismissal.  The
4 third factor, risk of prejudice to defendants, also weighs in favor
5 of dismissal, since a presumption of injury arises from the
6 occurrence of unreasonable delay in prosecuting an action.
7 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
8 factor -- public policy favoring disposition of cases on their
9 merits -- is greatly outweighed by the factors in favor of
10 dismissal discussed herein.  Finally, a court's warning to a party
11 that his failure to obey the court's order will result in dismissal
12 satisfies the "consideration of alternatives" requirement.  Ferdik
13 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
14 779 F.2d at 1424.  The court's order of September 18, 2006,
15 expressly stated: "The failure to file an amended complaint will
16 result in a recommendation that this action be dismissed, without
17 prejudice, for failure to obey a court order."  Thus, plaintiff had
18 adequate warning that dismissal would result from non-compliance
19 with the court's order.
20   Accordingly, the court HEREBY RECOMMENDS that this action be
21 DISMISSED, without prejudice, based on plaintiff's failure to obey
22 the court's order of September 18, 2006.
23   These Findings and Recommendations are submitted to the United
24 States District Judge assigned to the case, pursuant to the
25 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
26 after being served with these Findings and Recommendations,
27 plaintiff may file written objections with the court.  Such a
28 document should be captioned "Objections to Magistrate Judge's

3

1 | Findings and Recommendations."  Plaintiff is advised that failure
2 | to file objections within the specified time may waive the right to
3 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4 | (9th Cir. 1991).
5 |     IT IS SO ORDERED.
6 |     **Dated:   November 17, 2006**            **/s/ Dennis L. Beck**
   3c0hj8                                          UNITED STATES MAGISTRATE JUDGE